UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAD M. SCHUTTS, DANIEL O. TUCKER, MIKHAIL SERGEEV, LAURA GRUTZECK, CAROLINA BLATT, BETH COUTURE, JEANETTE L. PADILIONI, ELISA M. SEEHERMAN, and JENNY L. NEFF individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>THE UNIVERSITY OF THE ARTS,<br><br>*Defendant*. | CIVIL ACTION NO. 2:24-cv-02420 |

**CLASS ACTION COMPLAINT**

Plaintiffs Brad M. Schutts, Daniel O. Tucker, Mikhail Sergeev, Laura Grutzeck, Carolina Blatt, Beth Couture, Jeanette L. Padilioni, Elisa M. Seeherman, and Jenny L. Neff ("Plaintiffs"), by and through their undersigned attorneys, on behalf of themselves and all others similarly situated, allege as follows:

**I.   INTRODUCTION**

1. Plaintiffs bring this Class Action Complaint against The University of the Arts ("Defendant" or the "University"), for the recovery of damages in the amount of 60 days' pay and ERISA benefits by reason of Defendant's violations of the Plaintiffs' rights, and the rights of other similarly situated individuals, under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq*. (the "WARN Act"). Plaintiffs also assert claims pursuant to the Pennsylvania Wage Payment Collection Law ("PWPCL").

2.      Dating back to 1876, the University "was formed by the merging of two century-old institutions: Philadelphia College of Art and Philadelphia College of the Performing Arts. After being granted university status in 1987, the University of the Arts became the largest institution of its kind in the nation, offering programs in design, fine arts, media arts, crafts, music, dance, theater and writing."[1]

3.      This case arises from the sudden and shocking announcement by University President Kerry Walk, on the evening of Friday, May 31, 2024, that the school would be closing its doors for good the following Friday, June 7.

4.      There is no precedent for a nonprofit college closing so abruptly. "Robert Kelchen, a professor in educational leadership and policy studies at the University of Tennessee-Knoxville, said he wasn't aware of any other nonprofit college closing with such short notice, though he knew of cases in which for-profits abruptly shuttered. 'Typically, it's weeks if not months,' he said. 'It's just rare to see one handled like this.'"[2] Similarly, Helen Drinan, president of Cabrini University, which will officially close — after having given students, faculty, and alumni a year's notice — "said she wasn't aware of any other college that gave such a short window of notice as University of the Arts did."[3] Drinan said she could not understand how the University could only give a week's notice. "You should never ever find out in seven days you have to close," she said. "I just can't imagine a scenario in which that is defensible."[4]

5.      In the wake of the University's abrupt closure, President Kerry Walk resigned on June 4, 2024.

---

[1] *See* https://www.uarts.edu/about (last visited June 3, 2024).
[2] Kristen A. Graham, *et al.*, "It would have taken $40M to save University of the Arts, a trustee says, as students protest the unprecedented closure," *The Philadelphia Inquirer* (June 3, 2024).
[3] *Id.*
[4] *Id.*

2

6. Plaintiffs and the other similarly situated individuals were employees of Defendant, pursuant to the WARN Act's single employer rule.

7. Plaintiffs and other similarly situated employees of Defendant were terminated as part of, or as a result of a mass layoff and closing of the University of the Arts, as defined by the WARN Act, ordered by the Defendant on or about May 31, 2024, and thereafter.

8. Defendant violated the WARN Act by failing to give Plaintiffs and other similarly situated employees of the Defendant at least 60 days advance written notice of termination, as required by the WARN Act. As a consequence, Plaintiffs and other similarly situated employees of Defendant are entitled under the WARN Act to recover from Defendant their wages and ERISA benefits for 60 days, none of which has been paid. In addition, Plaintiffs seek penalties pursuant to the PWPCL.

## II.   JURISDICTION AND VENUE

9. This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §1131, and also pursuant to 29 U.S.C. § 2104(a)(5).

10. The Court has supplemental jurisdictions under 28 U.S.C. § 1367 over Plaintiffs' state-law claims.

11. This Court has personal jurisdiction over Defendant because it transacts business in this District, and/or has significant contacts with this District.

12. This District is the proper venue for this action under 29 U.S.C. § 2104(a)(5).

## III.   THE PARTIES

### A.   Plaintiffs

13. Plaintiff Brad M. Schutts, a citizen and resident of New Jersey, was employed by Defendant as Interim Director of Student Financial Services (previously Director of Operations,

Student Financial Services). Plaintiff's employment is expected to terminate on or before June 7, 2024.

14. Plaintiff Laura Grutzeck, a citizen and resident of Pennsylvania, was employed by Defendant as a Special Archival and Digital Collections Librarian. Plaintiff's employment is expected to terminate on or before June 7, 2024.

15. Plaintiff Carolina Blatt, a citizen and resident of Pennsylvania, was employed by Defendant as a Program Director and Professor. Plaintiff's employment is expected to terminate on or before June 7, 2024.

16. Plaintiff Jenny L. Neff, a citizen and resident of Pennsylvania, was employed by Defendant as a Professor and Program Director of Music Education. Plaintiff's employment is expected to terminate on or before June 7, 2024.

17. Plaintiff Daniel O. Tucker, a citizen and resident of Pennsylvania, was employed by Defendant as an Associate Professor and Graduate Program Director of Masters in Museum Studies. Plaintiff's employment is expected to terminate on or before June 7, 2024.

18. Plaintiff Mikhail Sergeev, a citizen and resident of Pennsylvania, was employed by Defendant as an Adjunct Professor, who was scheduled to teach a class during the University's summer session. Plaintiff's employment is expected to terminate on or before June 7, 2024.

19. Plaintiff Beth Couture, a citizen and resident of North Carolina, was employed by Defendant as a Director of Counseling. Plaintiff's employment is expected to terminate on or before June 7, 2024.

20. Plaintiff Jeanette L. Padilioni, a citizen and resident of Pennsylvania, was employed by Defendant as a Student Activities Programming Coordinator. Plaintiff's employment is expected to terminate on or before June 7, 2024.

21. Plaintiff Elisa M. Seeherman, a citizen and resident of Pennsylvania, was employed by Defendant as the Director of Career Services. Plaintiff's employment is expected to terminate on or before June 7, 2024.

**B. Defendant**

22. Defendant The University of the Arts is a private university located in Philadelphia, Pennsylvania. It is registered as a Pennsylvania corporation located at 320 South Broad Street, Philadelphia, Pennsylvania 19102, where the University maintains its administrative offices. The campus also includes, but is not limited to, residence halls, the student center, and Terra Hall, which houses the University's main dining location and classrooms (collectively the "Facilities").

**IV. FACTUAL ALLEGATIONS**

23. Until their termination by Defendant, Plaintiffs and other similarly situated persons were employees of Defendant who worked at or reported to the University Facilities and who were terminated as part of or as a reasonably foreseeable result of mass layoffs ordered and carried out by Defendant on or about May 31, 2024, and thereafter.

24. Upon information and belief, at or about the time that Plaintiffs were discharged on or about May 31, 2024, Defendant discharged all or approximately all other employees, including faculty and staff, at the University Facilities (the "Other Similarly Situated Former Employees") without cause on their part.

25. On information and belief, Defendant exercised complete control over the labor decisions concerning Plaintiffs and the Class Members' employment including the decision to terminate their employment.

26. On information and belief, the decision to terminate Plaintiffs and Class Members without providing proper WARN notice was made by Defendant.

5

## V.     CLASS ALLEGATIONS – 29 U.S.C. § 2014(a)(5)

27.     Plaintiffs and each person they seek to represent herein, were discharged without cause on their part by Defendant on or about May 31, 2024, and are "affected employees" within the meaning of § 2101(a)(5).

28.     Plaintiffs bring this action on their own behalf, and pursuant to the WARN Act, and Rules 23(a) and (b) of the Federal Rules of Civil Procedure, on behalf of all other similarly situated former employees of Defendant who were terminated by Defendant on or about May 31, 2024, and thereafter.

29.     Plaintiffs bring the Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ P. 23(a) and (b), who worked at, reported to, or received assignments from one of Defendant's Facilities and were terminated without cause beginning on May 31, 2024, and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendant beginning on May 31, 2024, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "Class").

30.     On or about May 31, 2024, Defendant terminated Plaintiffs' employment as defined by 29 U.S.C. § 2101 (a)(2), (3), for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

31.     Defendant, as a single employer, failed to give Plaintiffs the statutorily required sixty (60) days advanced written notice under the WARN Act.

32.     Upon information and belief, at or about the time that Plaintiffs were discharged on or about May 31, 2024, Defendant discharged approximately almost all, if not all, of their more

than 100 Other Similarly Situated Former Employees – at the University Facilities without cause on their part.

33. Pursuant to the WARN Act, 29 U.S.C. § 2104(a)(5), Plaintiffs maintain this claim on behalf of themselves and all Other Similarly Situated Former Employees.

34. Each of the Other Similarly Situated Former Employees is similarly situated to Plaintiffs in respect to their rights under the WARN Act.

35. Plaintiffs and the Other Similarly Situated Former Employees were discharged by Defendant without cause on their part.

36. Defendant was required by the WARN Act to give Plaintiffs and each of the Other Similarly Situated Former Employees at least sixty (60) days prior written notice of their respective terminations.

37. Prior to their termination, neither Plaintiff nor the Other Similarly Situated Former Employees received written notice that complied with the requirements of the WARN Act.

38. Defendant failed to pay Plaintiffs and the Other Similarly Situated Former Employees their respective wages, salary, commissions, bonuses, accrued holiday pay, and accrued vacation for sixty (60) calendar days following their respective terminations and failed to make the 401(k) contributions and provide health insurance coverage and other employee benefits under ERISA in respect to them for sixty (60) calendar days from and after the dates of their respective termination.

## VI.  CLASS ACTION ALLEGATIONS PURSUANT TO RULES 23(A) AND (B)

39. Plaintiffs assert this claim on behalf of themselves and the Other Similarly Situated Former Employees pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

40. Plaintiffs and the Other Similarly Situated Former Employees constitute a class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

41. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of the Defendant.

42. On information and belief, the identity of the members of the class and the recent residence address of each of the Class Members is contained in the books and records of the Defendant.

43. On information and belief, the rate of pay and benefits that were being paid by Defendant to each Class Member at the time of his/her termination is contained in the books and records of Defendant.

44. Common questions of law and fact are applicable to all the members of the Class.

45. The common questions of law and fact arise from and concern the following facts and actions, among others, Defendant committed or failed to commit as to all members of the Class: all Class members enjoyed the protection of the WARN Act; Defendant terminated the employment of all the members of the Class without cause on their part and without giving them at least sixty (60) days' prior written notice as required by the WARN Act; and Defendant failed to pay the Class members wages and to provide other employee benefits for the sixty (60) day period following their respective terminations.

46. Plaintiffs' claims are typical of the Class in that, for each of the several acts described above, Plaintiffs' and the Class are, or were, an injured party.

47. Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel experienced in complex class action litigation.

48. On or about May 31, 2024, Defendant terminated Plaintiffs' employment as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual Class members are small compared to the expense and burden of individual prosecution of this litigation.

49. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this court with avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Class members.

50. Plaintiffs intend to send notice to all Class Members to the extent required under the Federal Rules of Civil Procedure. The names and addresses of the Class Members are available from Defendant's business records.

51. As a result of Defendant's violation of the WARN Act, Plaintiffs and the other members of the Class have been damaged in amounts equal to the sum of: (a) their respective lost wages, salaries, commissions, bonuses, accrued holiday pay, 401(k) contributions for sixty (60) calendar days; (b) the health and medical insurance and other fringe benefits that they would have received or had the benefit of receiving, for a period of sixty (60) calendar days after the dates of their termination; and (c) medical expenses incurred during such period by such persons that would

have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period.

**CLAIMS FOR RELIEF**

**COUNT ONE**

**Violation of the WARN Act, 29 U.S.C. §2014**

52. Plaintiffs re-allege and incorporate herein by reference all prior allegations in this Complaint as if fully set forth herein.

53. At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

54. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2010(a)(1) and 20 C.F.R. §639(a) and continued to operate as a business until they decided to order a mass layoff or plant closing.

55. On or about May 31, 2024, Defendant ordered a mass layoff and/or plant closing at the University Facilities as those terms are defined by 29 U.S.C. § 2101(a)(2) and/or 29 U.S.C. § 2101(a)(3).

56. The mass layoff or plant closing at the University Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(6) for at least fifty of Defendant's employees as well as at least thirty-three percent (33%) of Defendant's workforce at the University Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

57. Plaintiffs and the Class Members were terminated by Defendant without cause on their part, a part of or as the reasonably foreseeable result of the mass layoff or plant closing

ordered by Defendant at the University Facilities.

58. Plaintiffs and the Class Members are "affected employees" of the Defendant, within the meaning of 29 U.S.C. § 210l(a)(5).

59. Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

60. Defendant failed to give the Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

61. Plaintiffs and each of the Class Members, are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

62. Defendant failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days after their termination and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA for 60 days from and after the dates of their respective terminations.

## COUNT TWO

**Violation of the Pennsylvania Wage Payment Collection Law**

63. Plaintiffs re-allege and incorporate herein by reference all prior allegations in this Complaint as if fully set forth herein.

64. At all times material herein, Plaintiffs and the Class were and are covered employees entitled to the protections of the PWPCL. 43 Pa. Stat. § 260.9a(a).

65. Defendant is a covered employer required to comply with the PWPCL's mandates. 43 Pa. Stat. § 260.1.243.

66. The PWPCL defines "wages" as "[i]ncluding all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation." 43 Pa. Stat. § 260.1.244.

67. Under Pennsylvania law, the term "wages" also includes "all earnings" such as vacation pay and floater days. 43 Pa. Stat. § 260.1.

68. The PWPCL, 43 Pa. Stat. § 260.5(a), provides:

> Whenever an employer separates an employee from the payroll, or whenever an employee quits or resigns his employment, ***the wages or compensation earned shall become due and payable not later than the next regular payday*** of his employer on which such wages would otherwise be due and payable. If requested by the employee, such payment shall be made by certified mail.

(Emphasis added.)

69. Pursuant to the PWPCL, Defendant is obligated to pay employees all wages and overtime within fifteen days of the end of the pay period. 43 Pa. Stat. § 260.3.246.

70. The PWPCL, 43 Pa. Stat. § 260.10, provides:

> ***Where wages remain unpaid for thirty days beyond the regularly scheduled payday***, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, ***the employee shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater***.

(Emphasis added.)

71. The provisions of the PWPCL are non-waivable. Specifically, the PWPCL provides that "[n]o provision of this act shall in any way be contravened or set aside by private agreement." 43 Pa. Stat. § 260.7.

12

72. The PWPCL, 43 Pa. Stat. § 260.9a(a), further provides:

> Actions by an employee, labor organization, or party to whom any type of wages is payable to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction, by such labor organization, party to whom any type of wages is payable or any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action or on behalf of all employees similarly situated. Any such employee, labor organization, party, or his representative shall have the power to settle or adjust his claim for unpaid wages.

73. Defendant violated the PWPCL with respect to Plaintiffs and the Class by, among other things, failing to compensate them for all hours worked and pay for unused vacation time and floater days in the final paycheck, as well as for any pay that the laid off workers were entitled to receive in their final paycheck.

74. Defendant violated the PWPCL by failing to notify Plaintiffs and the Class that Defendant did not intend to pay them for all hours worked and for unused vacation time and floater time. 43 Pa. Stat. § 260.4.

75. As a result of the aforesaid violations of the PWPCL, Plaintiffs and the Class, are entitled to recover all unpaid wages, mandatory attorney's fees and costs of suit, liquidated damages of twenty-five percent (25%), and prejudgment interest. 43 Pa. Stat. §§ 260.9a(a), 260.10.

76. Plaintiffs seek relief on behalf of themselves and on behalf all other similarly situated former employees, for any and all unpaid wages, including accrued but unused vacation time and floater days which were due and owing upon their terminations including increased wages and/or liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class Members pray that judgment be entered against Defendant as follows:

    A.     An amount equal to the sum of unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension, and

    B.     401(k) contributions and other ERISA benefits, for sixty (60) working days following the member employee's termination, that would have been covered and paid under the then applicable employee benefit plan that coverage continued for that period, all determined following the WARN Act;

    C.     Unpaid wages and liquidated damages and penalties to the fullest extent permitted under the law;

    D.     Designation of Plaintiffs as Class Representatives and designation of the undersigned attorneys as Class Counsel;

    E.     Certification that, pursuant to Fed. R. Civ. P. 23(a) and (b) and the WARN Act, 29 U.S.C. §2104(a)(5), Plaintiffs and the Class Members constitute a class;

    F.     Interest as allowed by law on the amounts owed under the preceding paragraphs;

    G.     The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104(a)(6) and the Pennsylvania Wage Payment Collection Law; and

    H.     Such other and further relief, in law or equity, as the Court deems appropriate.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury for all claims that may be so tried.

Dated: June 4, 2024

                                                     *s/ Eric Lechtzin*
                                                     Eric Lechtzin (PA # 62096)
                                                     Marc H. Edelson (PA # 51834)
                                                     Shoshana M. Savett (PA # 91601)
                                                     **EDELSON LECHTZIN LLP**
                                                     411 S. State Street, Suite N-300
                                                     Newtown, PA 18940
                                                     Telephone: (215) 867-2399
                                                     Facsimile: (267) 685-0676
                                                     elechtzin@edelson-law.com
                                                     medelson@edelson-law.com
                                                     ssavett@edelson-law.com

                                                     *Counsel for Plaintiffs and the Class*