## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAD M. SCHUTTS, DANIEL O. TUCKER, MIKHAIL SERGEEV, LAURA GRUTZECK, CAROLINA BLATT, BETH COUTURE, JEANETTE L. PADILIONI, ELISA M. SEEHERMAN and JENNY L. NEFF individually and on behalf of all others similarly situated, | : CIVIL ACTION NO. 2:24-cv-02420 |

*Plaintiffs*,

v.

THE UNIVERSITY OF THE ARTS,

*Defendant.*

| | |
|---|---|
| STEPHANIE CAWLEY, CHARIS DUKE, NICK EMBREE, LAURA FRAZURE, COLIN KENNEY, JACQUELINE MANNI, KEVIN MERCER, REBECCA JEAN MURPHY, BRADLEY PHILBERT, KARL STAVEN, RICHARD REIN, and ROSEMARY SAVOIA, individually and on behalf of all persons similarly situated, | : CIVIL ACTION NO. 24-cv-2445 |

*Plaintiffs*,

v.

THE UNIVERSITY OF THE ARTS,

*Defendant.*

## STIPULATION AND [PROPOSED] ORDER
## CONSOLIDATING RELATED CASES
## AND APPOINTNG INTERIM CO-LEAD CLASS COUNSEL

WHEREAS, on June 4, 2024, Plaintiffs Brad M. Schutts, Daniel O. Tucker, Mikhail Sergeev, Laura Grutzeck, Carolina Blatt, Beth Couture, Jeanette L. Padilioni, Elisa M. Seeherman and Jenny L. Neff (the "Schutts Plaintiffs") filed a complaint against the University of the Arts (the "University") alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.*("WARN Act") and the Pennsylvania Wage Payment Collection Law ("PWPCL") on behalf of Plaintiffs and similarly situated employees who were terminated on or about June 7, 2024, *Schutts, et al. v. The University of the Arts*, No. 2:24-cv-02420 (E.D. Pa.) (the "*Schutts* Action");

WHEREAS, the Schutts Plaintiffs are primarily non-union employees or former employees of the University.

WHEREAS, on June 5, 2024, Plaintiffs Stephanie Cawley, Charis Duke, Nick Embree, Laura Frazure, Colin Kenney, Jacqueline Manni, Kevin Mercer, Rebecca Jean Murphy, Bradley Philbert, Karl Staven, Richard Rein, and Rosemary Savoia, (the "Cawley Plaintiffs") (collectively, with the "Schutts Plaintiffs, the "Plaintiffs")" filed a complaint against the University alleging violations of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* ("WARN Act") and the Pennsylvania Wage Payment Collection Law ("PWPCL") on behalf of Plaintiffs and similarly situated employees who were terminated on or about June 7, 2024, *Cawley, et al. v. The University of the Arts*, No. 24-cv-2445 (E.D. Pa.) (the "*Cawley* Action");

WHEREAS, the Cawley Plaintiffs are primarily members of United Academics of Philadelphia, AFT-PA, AFL-CIO, Local 9608 (the "Union");

WHEREAS, Federal Rule of Civil Procedure 42(a) provides that a court may order all actions consolidated if they involve "common issues of law or fact." To this end, courts have recognized that consolidation is appropriate in cases where two or more cases arise from the same

1

occurrence. *See Gravley, Sr. v. Fresenius Vascular Care, Inc. d/b/a Azura Vascular Care*, No. 2:24-cv-01148-MMB, 2024 WL 1904498, at *2 (E.D. Pa. Apr. 30, 2024) (consolidating cases arising from the same data breach). The *Schutts* Action and *Cawley* Action involve common legal and factual issues and arise out of the same occurrence; thus, efficiency and consistency will result from their consolidation;

WHEREAS, "Rule 23(g)(3) of the Federal Rules of Civil Procedure provides that the Court 'may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action.'" *In re Shop-Vac Mktg. & Sales Practices Litig.*, MDL No. 2380, 2013 WL 183855, at *1 (M.D. Pa. Jan. 17, 2013) (quoting Fed. R. Civ. P. 23(g));

WHEREAS, Edelson Lechtzin LLP ("Edelson Lechtzin"), counsel in the *Schutts* Action, and Willig, Williams & Davidson ("WW&D"), counsel in the *Cawley* Action (collectively, "Proposed Interim Co-Lead Counsel") believe it is in the best interest of putative class members that Edelson Lechtzin and WW&D be appointed as Interim Co-Lead Class Counsel.;

WHEREAS, Courts appointing interim class counsel under Rule 23(g)(1)(A) consider the following factors:

      (i)    the work counsel has done in identifying or investigating potential claims in the action;

      (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

      (iii)    counsel's knowledge of the applicable law; and

      (iv)    the resources that counsel will commit to representing the class;

WHEREAS, Proposed Interim Co-Lead Class Counsel satisfy the factors under Rule 23(g)(1)(A). Proposed Interim Co-Lead Counsel have committed appropriate, yet substantial, time

and resources to organizing and working toward the advancement of this litigation. The attorneys are familiar with the facts and legal issues in this matter based on their detailed investigation and communications with the University employees. Proposed Interim Co-Lead Class Counsel have the experience, knowledge, and skill to lead this case. The proposed Interim Counsel are well-versed in prosecuting large-scale class actions, including employment-related litigation such as claims for wage and hour violations, ERISA breach of fiduciary duty class actions, and COBRA class actions. Proposed Interim Co-Lead Counsel are willing and able to expend the resources necessary to ensure the vigorous prosecution of the claims asserted against the University.

IT IS HEREBY STIPULATED, that subject to the Court's approval, Edelson Lechtzin and WW&D agree to serve as Interim Co-Lead Class Counsel.

## CONSOLIDATION OF RELATED CASES

1.   The above-captioned actions are related cases within the meaning of Civil L.R. 40.1.

2.   Pursuant to Federal Rule of Civil Procedure 42(a), these cases are hereby consolidated under the first filed docket number, Civil Action No. 2:24-cv-02420, for pretrial proceedings before this Court. The consolidated action shall be captioned: "*In re: University of the Arts WARN Act Litigation*."

3.   Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts as the consolidated action shall be consolidated with the consolidated action for pre-trial purposes. The parties shall file a Notice of Related Action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District.

   a.   If the Court determines that the case is related, the clerk shall:

      i.   Place a copy of this Order in the separate file for such action;

      ii.   Serve on Plaintiffs' counsel in the new case a copy of this Order;

3

  iii.  Direct that this Order be served upon Defendant in the new case; and

  iv.  Make an appropriate entry in the Master Docket.

### APPROVAL OF INTERIM CO-LEAD CLASS COUNSEL

4. Having considered Fed. R. Civ. P. 23(g), the Court hereby appoints the following firms and attorneys as Interim Co-Lead Class Counsel for the proposed Class pursuant to Fed. R. Civ. P. 23(g):[1] Edelson Lechtzin and WW&D.

5. Interim Co-Lead Class Counsel is designated to act on behalf of the above putative Class before determining whether to certify the action as a class action, and shall serve as Interim Co-Lead Class Counsel with responsibility for managing the distribution of work amongst Plaintiffs' counsel and overseeing compliance with the duties and responsibilities set forth herein related to such employees. The duties and responsibilities of Interim Co-Lead Class Counsel are as follows:

  a.  Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the above putative Class on all matters arising during pretrial proceedings;

  b.  Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the putative Class members consistent with the requirements of the Federal Rules of Civil Procedure;

  c.  Convene meetings amongst counsel;

  d.  Conduct settlement negotiations on behalf of Plaintiffs and the putative class members;

  e.  Negotiate and enter into stipulations with opposing counsel as necessary for the

---

[1] The "Class" is defined as "All employees or former employees of Defendant who were terminated as part of—or as the reasonably foreseeable result of—the mass layoff and/or plant closing ordered by Defendant on or about June 7, 2024."

conduct and efficient advancement of the litigation;

f.    Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

g.    Serve as the primary contact for communications between the Court and other plaintiffs' counsel for the above putative Class;

h.    Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served on plaintiffs' counsel via the Court's electronic filing system);

i.    Communicate with Defense counsel as necessary to promote the efficient advancement of this litigation;

j.    Make available to other plaintiffs' counsel documents produced by the Defendants; and

k.    Allocate attorneys' fees.

6.    Any other plaintiffs' counsel will perform work in this litigation on behalf of the putative Class only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Interim Co-Lead Class Counsel and no other plaintiffs' counsel or firm shall be authorized to file any papers or perform any work in the case on behalf of the above Class without the express authorization of Interim Co-Lead Class Counsel.

7.    Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel—including with respect to settlement and settlement negotiations—and the Court on behalf of the above putative Class unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements

shall be binding on all other plaintiffs' counsel.

8.    This Order shall apply to the above-captioned matters, any subsequently consolidated action, any actions consolidated with the above-captioned matters, and any actions filed in, transferred to, removed to, or otherwise sent to this Court relating to the facts and the termination of employees underlying this litigation.

9.    Interim Co-Lead Class Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for plaintiffs in any related action to the extent that interim lead counsel is aware or becomes aware of any such action(s) and on all attorneys for plaintiffs whose cases may subsequently be consolidated with the above actions.

10.   Plaintiffs in the Consolidated Action shall file an operative, consolidated class action complaint within thirty (30) days of this Stipulation and Order.

Dated: June 11, 2024                        EDELSON LECHTZIN LLP

                                            */s/ Eric Lechtzin*
                                            Eric Lechtzin (PA I.D. 62096)
                                            Marc H. Edelson (PA I.D. 51834)
                                            Shoshana Savett (PA I.D. 91601)
                                            411 N. State Street, Suite N-300
                                            Newtown, PA 18940
                                            Main: 215-867-2399
                                            elechtzin@edelson-law.com
                                            medelson@edelson-law.com
                                            ssavett@edelson-law.com


                                            */s/ Ryan Allen Hancock*
                                            WILLIG, WILLIAMS & DAVIDSON
                                            Ryan Allen Hancock, Esq. (PA No. 92590)
                                            Jordan R. Konell, Esq. (PA No. 332529)
                                            Samuel H. Datlof, Esq. (PA No. 324716)
                                            1845 Walnut Street, 24th Floor
                                            Philadelphia, PA 19103
                                            Phone: (215)-656-3600
                                            rhancock@wwdlaw.com
                                            jkonell@wwdlaw.com
                                            sdatlof@wwdlaw.com


IT IS SO ORDERED.


Dated: _____, 2024

                                            _____
                                            Hon. Chad F. Kenney
                                            United States District Judge