# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| *In re: University of the Arts WARN Act Litigation* | Civil Action No. 2:24-cv-02420<br><br>***ELECTRONICALLY FILED*** |

**DEFENDANT'S ANSWER TO CONSOLIDATED CLASS
ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant University of the Arts ("University" or "UArts") states for its answer and affirmative defenses to Plaintiffs' Consolidated Class Action Complaint, in accordance with the numbered paragraphs thereof, as follows:

## NATURE OF THE ACTION

1. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

2. Admitted.

3. Denied.

4. Denied.

5. The averments of this paragraph are not directed to UArts. Instead, they are quotations from various press reports and they are not attributed to UArts' spokespeople. Further, UArts cannot know whether the quotations are accurate. As such, the averments are denied.

6. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

7. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

## JURISDICTION AND VENUE

8. Admitted.

9. Admitted.

## PARTIES

10. Admitted.

11. Denied.

12. Admitted, except that Ms. Cawley's last day worked was May 9, 2024.

13. Admitted, except that Ms. Duke's last day worked was May 10, 2024.

14. Admitted, except that Mr. Embree's last day worked was May 16, 2024.

15. Admitted, except that Ms. Frazure's last day worked was May 16, 2024.

16. Admitted, except that Mr. Kenney's last day worked was July 16, 2024.

17. Admitted, except that Ms. Manni continues to work.

18. Admitted, except that Mr. Mercer's last day worked was May 16, 2024.

19. Admitted, except that Ms. Murphy's last day worked was June 7, 2024.

20. Admitted, except that Mr. Philbert's last day worked was May 9, 2024 and he received cancellation pay for cancelled summer classes in keeping with the faculty collective bargaining agreement.

21. Admitted, except that Mr. Staven's last day worked was June 7, 2024.

22. Admitted, except that Mr. Rein's last day worked was May 10, 2024.

23. Admitted, except that Ms. Savoia continues to work.

24. UArts is without knowledge or information regarding Mr. Schutts's citizenship and residency; thus, allegations regarding such are denied. The remaining averments of this paragraph

are admitted, except that Mr. Schutts last day worked was June 7, 2024, despite the fact that he was asked to continue to work after the June 7th closure date.

25. Admitted, except that Ms. Grutzeck's last day worked was June 7, 2024.

26. Admitted, except that Ms. Blatt's last day worked was July 3, 2024.

27. Admitted, except that Ms. Neff's last day worked was July 3, 2024.

28. UArts is without knowledge or information regarding Mr. Tucker's citizenship and residency; thus, allegations regarding such are denied. The remaining averments of this paragraph are admitted, except that Mr. Tucker's last day worked was July 3, 2024.

29. UArts is without knowledge or information regarding Mr. Sergeev's citizenship and residency; thus, those allegations are denied. The remaining averments of this paragraph are admitted, except that Mr. Sergeev's last day worked was May 9, 2024.

30. UArts is without knowledge or information regarding Ms. Couture's citizenship and residency; thus, those allegations are denied. The remaining averments of this paragraph are admitted, except that Ms. Couture's last day worked was June 7, 2024.

31. UArts is without knowledge or information regarding Ms. Padilioni's citizenship or residency; thus, those allegations are denied. The remaining averments of this paragraph are admitted, except that Ms. Padilioni continues to work at UArts and has informed UArts that her last day of work will be August 5, 2024.

32. UArts is without knowledge or information regarding Ms. Seeherman's citizenship and residency; thus, those allegations are denied. The remaining averments of this paragraph are admitted, except that Ms. Seeherman's last day worked was June 7, 2024.

33. Denied.

## STATEMENT OF FACTS

34. Admitted.

35. Admitted.

36. Admitted.

37. UArts denies that it informed MSCHE that it would imminently close. The remaining averments of this paragraph are admitted, except that Plaintiffs did not append any exhibits to the Consolidated Complaint.

38. Admitted, except that Plaintiffs did not append any exhibits to the Consolidated Complaint.

39. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

40. Admitted.

41. Denied.

## CLASS ACTION ALLEGATIONS

42. Admitted that Plaintiffs purport to bring the action as described but denied that damages are owed.

43. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

44. UArts admitted that some employees stopped working on or about May 16, 2024, and all were instructed to stop working on various dates between June 7, 2024, and present, with some employees continuing to work currently. It is denied, however, that Plaintiffs' employment has been terminated, as employees continue to be eligible for coverage on the University's health/welfare benefits plans.

45. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

46. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

47. Denied.

48. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

49. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

50. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

51. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

52. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

53. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

54. The averments of these paragraphs 54(a) through (f) state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of these paragraphs are denied.

# CAUSES OF ACTION

## COUNT I

### Violation of the WARN Act, 29 U.S.C. §§ 2101, *et. seq.*

55. The University incorporates its responses to paragraphs 1 through 54 as if set forth in full herein.

56. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

57. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

58. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

59. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

60. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

61. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

62. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

63. Denied.

64. Denied.

# COUNT II

**Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. §§ 260.1-260.12**

65. The University incorporates its responses to paragraphs 1 through 64 as if set forth in full herein.

66. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

67. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

68. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

69. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

70. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

71. Denied.

72. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

73. The averments of this paragraph state conclusions of law to which no response is required. To the extent a response is deemed necessary, the averments of this paragraph are denied.

## **JURY DEMAND AND PRAYER FOR RELIEF**

74. Admitted that Plaintiffs demand a trial by jury; denied that any such trial is warranted or that Plaintiffs are entitled to any relief.

**DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES**

Defendant University of the Arts hereby asserts the following affirmative and other defenses to the claims of Plaintiffs:

1. Plaintiffs' claims are barred by the Unforeseeable Business Circumstances exception under the WARN Act.

2. Plaintiffs have received wages and fringe benefits due to them.

3. Defendant at all times acted in good faith.

4. Plaintiffs have failed to mitigate their damages.

5. If Plaintiffs sustained any damaged, those damages were caused, in whole or in part, by other intervening causes or by the conduct of parties other than the Defendant and over whom Defendant had no control.

6. If Plaintiffs recover any damages against Defendant, those damages must be reduced to the extent Plaintiffs have been or will be paid by any collateral source.

Dated: July 29, 2024

Respectfully submitted,

*/s/ Kristine Grady Derewicz*
Kristine Grady Derewicz, Bar No. 60548
kderewicz@littler.com
Matthew J. Hank, Bar No. 86086
mhank@littler.com

LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
Telephone: 267.402.3003
Facsimile: 267.543.1185

Attorneys for Defendant
UNIVERSITY OF THE ARTS

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2024, a copy of the foregoing document was filed and served using the Eastern District of Pennsylvania's ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon the following counsel of record:

| | |
|---|---|
| Eric Lechtzin | Ryan Allen Hancock |
| Marc H. Edelson | Jordan R. Konell |
| Shoshana Savett | Samuel H. Datlof |
| EDELSON LECHTZIN LLP | WILLIG, WILLIAMS & DAVIDSON |
| 41 1 N. State Street, Suite N-300 | 1845 Walnut Street, 24th Floor |
| Newtown, PA 18940 | Philadelphia, PA 19103 |
| Main: 215-867-2399 | Phone: (215)-656-3600 |
| elechtzin@edelson-law.com | rhancock@wwdlaw.com |
| medelson@edelson-law.com | jkonell@wwdlaw.com |
| ssavett@edelson-law.com | sdatlof@wwdlaw.com |

                                                     */s/ Kristine Grady Derewicz*
                                                     Kristine Grady Derewicz